UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAY GOEBEL,<br>    *Plaintiff*, | )<br>)<br>) |
| v. | )<br>)  3:22-CV-760 (OAW) |
| BROWN & BROWN OF CT, INC.,<br>    *Defendant*. | )<br>)<br>)<br>) |

**RULING ON MOTIONS FOR SUMMARY JUDGMENT**

The parties have filed cross-motions for summary judgment ("Plaintiff's MSJ" and "Defendant's MSJ," respectively, and together, "Motions"). *See* ECF Nos. 66 and 68. The court has reviewed the parties' Motions; statements of facts, ECF Nos. 66-1, 68-3, and 71; responsive briefs,[1] *see* ECF Nos. 70 and 73–75; and exhibits, as well as the record in this case, and is fully advised in the premises.[2] For the following reasons, Defendant's MSJ is **GRANTED** and Plaintiff's MSJ is **DENIED.**

### I.   BACKGROUND[3]

Defendant hired Plaintiff in December of 2021. Due to the COVID-19 pandemic, it implemented a policy requiring all employees to wear a mask in common spaces and wherever social distancing was not possible, though if a common space was large enough to maintain social distancing, and if all its occupants were comfortable not using masks,

---

[1] Plaintiff's opposition to Defendant's MSJ is timely, for the reasons noted in his notice at ECF No. 72.
[2] Plaintiff's Request for Judicial Notice, ECF No. 76, does not affect this ruling and will not be discussed.
[3] The factual allegations are simple, but Plaintiff's statement of facts omits several important ones (such as his employment by Defendant), and though the parties appear to agree to many of them, their competing responses contain multitudinous technical objections and legal arguments. For efficiency, the court has relied upon Defendant's statement of facts, ECF No. 68-3, and Plaintiff's responses thereto, ECF No. 73-1, accepting as true any facts to which no substantive objection was made.

1

they could jointly elect to forego the measure. Plaintiff was informed of the policy prior to his start date and did not object to it.

On his first day with Defendant, despite signing a document in which he agreed to abide by all of Defendant's company policies, Plaintiff refused to wear a mask, invoking "disability law." When asked if he was requesting an exemption for medical reasons, Plaintiff responded in the negative. At an executive's direction, Plaintiff left for the day, though he emailed a letter that evening in which he charged Defendant with violating the Americans with Disabilities Act ("ADA"). More specifically, he asserted that Defendant had perceived him as having a contagious disease and was discriminating against him. He was terminated the next day. He raises the same ADA argument in this lawsuit.

## II. **LEGAL STANDARD**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). The movant bears the burden of demonstrating that there is no genuine issue of material fact. *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *McCarthy v. Am. Int'l Grp., Inc.*, 283 F.3d 121, 124 (2d Cir. 2002) (quoting *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1535 (2d Cir.1997)). If "there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." *Id.*

To defeat a summary judgment motion, however, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir.1998). Rather, the nonmoving party must point to "specific facts in dispute to show that there is a *genuine issue for trial*." *Matsushita,* 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)) (emphasis in original). If the nonmoving party submits evidence that is "merely colorable," or that is not "significantly probative," then summary judgment still may be granted. *Horror Inc. v. Miller*, 15 F.4th 232, 240–41 (2d Cir. 2021). When reviewing a summary judgment motion, the court construes the cited evidence in the light most favorable to the nonmoving party and "resolves all ambiguities and draws all reasonable inferences against the moving party." *Horror*, 15 F.4th at 240.

### III.  DISCUSSION

Plaintiff's claim is predicated upon his argument that Defendant had no legal duty to stop the spread of COVID, and thus it had no authority to impose its masking policy. He contends that the mask requirement violated his rights under the ADA because, according to him, Defendant only required him to wear a mask because it regarded him as disabled insofar as it assumed that he was infected with the virus. Consequently, he contends that he was entitled to assert his rights under the ADA to claim an exemption from the policy. He further contends that in order to reject his self-proclaimed exemption, Defendant was required to show that Plaintiff was a direct health threat such that the

masking requirement was a job-related business necessity, which Defendant did not do. This failure, he concludes, renders the masking requirement violative of the ADA.

Plaintiff's argument has no basis in law.

Congress passed the ADA, *inter alia*, "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities . . . ." 42 U.S.C. § 12101.  To this end, the ADA prohibits employers from acting upon discriminatory animus against employees with disabilities, even if the employer is incorrect about whether an employee is disabled.  *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166–67 (2d Cir. 2024) ("The ADA protects not just those employees who are actually disabled, that is, employees who have 'a physical or mental impairment that substantially limits one or more major life activities,' but also those who are discriminated against because they . . . are 'regarded as having such an impairment.'") (quoting 42 U.S.C. § 12102(1)).  Thus, all employees are protected from employers who would take adverse action toward individuals with disabilities, even if such prejudice is misplaced. And, with narrow exceptions, the ADA prohibits employers from inquiring about any employee's disability status in the first instance.  42 U.S.C.A. § 12112 ("A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.").

However, some protections do not extend to individuals without disabilities (and individuals without disabilities do not need them).  For example, the ADA requires employers to make reasonable accommodations for employees who do have disabilities,

4

and those accommodations may include exemptions from certain workplace policies. 42 U.S.C.A. § 12112(5); *US Airways, Inc. v. Barnett*, 535 U.S. 391, 398 (2002) (discussing the ways in which strict application of facially-neutral company policies may violate the ADA's mandate that employers accommodate their disabled employees). But individuals who only are regarded as impaired are not entitled to request accommodations for disabilities they do not have. *Dufresne v. O.F. Mossberg & Sons, Inc.*, No. 3:14CV21 WIG, 2015 WL 3746349, at *5 (D. Conn. June 15, 2015); 29 C.F.R. § 1630.2(o)(4) ("A covered entity is . . . not required to provide a reasonable accommodation to an individual who meets the definition of disability solely under the 'regarded as' prong . . . ."). Contrary to Plaintiff's apparent belief, a bald assertion of rights under "disability law" does not entitle one to the complete panoply of ADA benefits.

Applying the applicable legal framework, Plaintiff's argument clearly fails because he has conflated multiple distinct provisions of the ADA into one incognizable claim.[4]

First, Plaintiff argues that because Defendant regarded him as disabled, it was required to show that the masking policy was job-related and a business necessity, but those showings are only required where an employer either seeks information about an employee's disability status or imposes a job requirement that tends to disqualify individuals with disabilities.[5] 42 U.S.C.A. § 12112(b)(6), (d)(4). As to the former, there is

---

[4] The court has not found, and Plaintiff has not provided, any authority for the proposition that employers must show an affirmative legal duty for any conditions of employment they may set. Thus, the fact that Defendant is not a public health authority is wholly irrelevant here and will not be discussed.

[5] Plaintiff asks the court to take judicial notice of two online publications from governmental agencies: guidance from the Equal Employment Opportunity Commission about vaccination requirements in the workplace, and information from the National Institute for Occupational Safety and Health about the efficacy of different types of masks. However, these publications do not contain adjudicative facts (facts not subject to reasonable dispute), and consequently the court may not take judicial notice of them. *See* Fed. R. Evid. 201. Thus, the request at ECF No. 67 is denied. The publications also are irrelevant in that they are offered in support of a flawed argument. The guidance on workplace vaccinations specifically applies to employees *who seek an exemption for a vaccination requirement on the basis of disability*,

5

no allegation that Defendant ever made any inquiry into Plaintiff's disability status, except to clarify whether Plaintiff was asking for a medical exemption from the policy. In fact, Plaintiff affirms in his statement of facts that Defendant made no individualized health assessment of him. ECF No. 66-1 ¶ 14. And as to latter, it is unclear the masking policy qualifies as a job requirement; Plaintiff concedes that it was not mentioned during the hiring process, which indicates to the court that it was not a prerequisite for employment. ECF No. 73-1, p. 10, response to ¶ 14. Even if it had been, there is no indication that it would have screened out individuals with disabilities. Since there was no apparent inquiry into whether an applicant would be able to abide by the policy, there is no way Defendant could have used it as a screening mechanism. Even assuming Defendant might have relied upon applicants or new hires to express refusal to follow the policy upon learning about it, Defendant indisputably permitted medical exemptions from the policy. Defendant even asked whether Plaintiff needed a medical exemption, to which Plaintiff responded in the negative. Thus, Plaintiff's argument is belied by the facts he presents.

Next, because Plaintiff does not contend that he is disabled within the meaning of the ADA, he must show that he was *perceived* to be impaired, 42 U.S.C. § 12102(3)(A) ("An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."). Plaintiff clearly has failed to do this.

---

which Plaintiff is clear he did not seek. And the information on masks goes toward an ancillary argument that masks do not prevent someone from spreading a virus, which not only is an inaccurate reduction of the publication's message, but also is wholly irrelevant here.

Setting aside that Plaintiff has not provided argument or authority that COVID-19 is a per se impairment under the "regarded as" prong of the ADA, the court rejects his contention that the masking policy alone is sufficient to show a perception of impairment. To find otherwise would mean that Defendant regarded Plaintiff as having a disability even before his first day, since it noted the policy before he had ever reported to work. Plaintiff has not offered any basis upon which Defendant could have perceived a disability during Plaintiff's hiring. Also, the policy permitted employees to agree to forego masking. In fact, Defendant asserts (and Plaintiff does not refute) that Plaintiff's first day started with a small meeting in which all participants agreed to do just that. *Id.*, p. 12, response to ¶ 17. If Defendant had presumed Plaintiff to have been infected, it likely would not have permitted him to share an enclosed space with other employees while not masked. Furthermore, when Defendant asked Plaintiff if he required a medical exemption, Plaintiff affirmed that he did not. Accordingly, the record is not only devoid of any facts showing Defendant perceived Plaintiff as impaired, it is replete with facts showing the opposite.

Finally, Defendant's policy indisputably applied to all employees. The United States Court of Appeals for the Second Circuit has held this to preclude a "regarded as" claim under the ADA. For example, in *Sharikov v. Philips Med. Sys. MR*, Inc., 103 F.4th 159, 163 (2d Cir. 2024), an employee of a federal contractor made the same argument asserted here by Plaintiff: that COVID mitigation measures (including masking, testing, social distancing, and mandatory vaccination) amounted to discrimination against him because he was being regarded as disabled. The Second Circuit upheld the dismissal of that employee's complaint, stating that "to be perceived as having a disability, one must be perceived as different from most people in the general population." *Id.* at 168; *see*

7

*also* 29 C.F.R. § 1630.2(j)(1)(ii) ("An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population."). Because the *Sharikov* employer made the same requirement of all its employees, the plaintiff could not show he was singled out for any reason, including a perceived disability. The Second Circuit relied particularly upon language in the ADA stating that it was enacted to protect *individuals* and to ensure *equality* of opportunities. *Id.* at 169 (citing 42 U.S.C. § 12101(a)(7), (b)(1)). This holding repeatedly has been reinforced. *See, e.g., Librandi v. Alexion Pharma. Inc.*, No. 23-962, 2024 WL 3872727, at *1 (2d Cir. Aug. 19, 2024); *Evans v. New York City Dep't of Educ.*, No. 23-8119-CV, 2024 WL 4501963, at *1 (2d Cir. Oct. 16, 2024); *Kosiba v. Cath. Health Sys. of Long Island, Inc.*, No. 23-6, 2024 WL 3024652, at *2 (2d Cir. June 17, 2024); *Johnson v. Mount Sinai Hosp. Grp., Inc.*, No. 23-466, 2024 WL 3289475 (2d Cir. July 3, 2024).

Because Plaintiff is not disabled, he cannot claim that Defendant failed to offer him a reasonable accommodation in the form of an exemption to the masking policy, and, regardless, Plaintiff nevertheless clearly refused any such accommodation.

As a result, Plaintiff's "regarded as" claim fails as a matter of law.[6]

## IV. CONCLUSION

Accordingly, it is hereupon **ORDERED AND ADJUDGED** as follows:

---

[6] Defendant also addressed a retaliation claim in its motion, but the court cannot find such a claim stated in the complaint, even construing it liberally. Plaintiff is clear that the only adverse action he asserts is the offer of a medical exemption to the masking policy. The court therefore will not discuss any such claim except to note that had it been stated, the claim would be dismissed summarily, as *Librandi* upheld the dismissal of the same argument. 2024 WL 3872727, at *1.

1. Plaintiff's Motion for Summary Judgment, ECF No. 66, is **DENIED.**

2. Defendant's Motion for Summary Judgment, ECF No. 68, is **GRANTED.**

   a. The entire complaint hereby is dismissed.

   b. The Clerk of Court is instructed to please enter judgment in accordance with this ruling and to close this case.

**IT IS SO ORDERED** at Hartford, Connecticut, this 6th day of March, 2025.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE